UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

HETH & JED COMMUNITY ROCKERS et al.,

       Plaintiffs,

   -v-

CITY OF NEW YORK et al.,

       Defendants.

------------------------------------------------------------X

12 Civ. 1080 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

  The Court has received the attached letter from counsel to the defendant City of New York, requesting that this matter be stayed pending the resolution of an investigation of individual defendant police officers by the Internal Affairs Bureau. That investigation relates to the alleged incidents precipitating this lawsuit, and may impact the ability of counsel for the City of New York to represent those defendants. Over plaintiffs' objection, and for the reasons articulated in defendants' letter, the request is GRANTED and the case is hereby STAYED. The May 3, 2012 initial pretrial conference is adjourned without date.

  Plaintiffs' letter request for interim injunctive relief is denied.

  Defendant is directed to update the Court, by letter, every 45 days from the date of this Order on the status of the investigation. Notwithstanding that schedule, defendant must notify the Court forthwith as soon as the investigation is closed.

  SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: April 12, 2012
   New York, New York




RECEIVED
APR 11 2012
PAUL A. ENGELMAYER
UNITED STATES DISTRICT JUDGE

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

CECILIA A. SILVER
*Assistant Corporation Counsel*
phone: (212) 788-8684
fax: (212) 788-9776
email: csilver@law.nyc.gov

April 10, 2012

**BY HAND**
The Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: <u>Heth & Jed Community Rockers, et al. v. City of New York, et al.</u>,
12 CV 1080 (PAE)

Dear Judge Engelmayer:

      I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, representing Defendant City of New York ("City") in the above-referenced civil rights lawsuit. As the Court may recall, Plaintiffs Heth & Jed Community Rockers, Heth Weinstein, and Jed Weinstein (collectively, "Plaintiffs") bring this action alleging, among other things, violation of their First Amendment rights while busking in Grand Central station on July 31 and September 21, 2011. On March 1, 2012, the Court granted Defendant's first request for an enlargement of time to respond to the complaint – currently due May 1, 2012 – in order to satisfy our obligations under Fed. R. Civ. P. 11 and to conduct the required inquiry under N.Y. Gen. Mun. L. § 50-k into whether this office may represent individually named defendant Officer Isaac Valdez. Since that time, this office has learned that the Internal Affairs Bureau ("IAB") is still investigating the incidents alleged in the complaint. Therefore, for the reasons set forth below, I write to respectfully request that the Court: (1) stay this action pending resolution of the IAB investigation; (2) hold Defendant's time to respond to the complaint in abeyance until the conclusion of the IAB investigation; and (3) in light of this proposed stay, adjourn the initial conference presently scheduled for May 3, 2012 at 10:30 a.m. Plaintiffs' counsel does not consent and has indicated that he intends to elaborate on his objection in a separate letter.

      There are several reasons Defendants believe a stay is the most efficient manner to proceed in this action. As the Court is aware, N.Y. Gen. Mun. L. § 50-k obliges the Corporation Counsel to reach a conclusion as to whether an employee acted within the scope of his employment at the time of the underlying incident in order to assume that employee's

representation. Specifically, N.Y. Gen. Mun. L. § 50-(k)(2) requires this office to determine whether the individual employee "was acting within the scope of his public employment and in the discharge of his duties and was not in violation of any rule or regulation of his agency at the time the alleged act or omission occurred." Id.; see also Mercurio v. City of N.Y., 758 F.2d 862, 854-65 (2d Cir. 1985) (quoting Williams v. City of N.Y., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (stating that the decision to represent individual defendants is made by the Corporation Counsel as set forth in state law)). Here, the findings of the IAB may influence such representational decisions, since the IAB is investigating whether Defendant Valdez violated any NYPD rules or regulations. Moreover, our office's ability to meet with or interview Officer Valdez is restricted during the pendency of the IAB investigation because of the potential that a conflict of interest may arise between him and the City. At the very least, the limitation on this office's contact with the officer involved in the alleged incidents significantly hampers our efforts to gather facts and assess the case to respond intelligently to the complaint. But perhaps most critically, should the Court deny this application and this office assume representation of Defendant Valdez at this time, if the IAB ultimately concludes that Defendant Valdez was violating an NYPD rule, the undersigned and the entire Special Federal Litigation Division may be conflicted off of the case.

Whatever prejudice Plaintiffs incur as a result of a stay is significantly diminished by the fact that the IAB is actively investigating their claims. From a practical perspective, should a stay be denied and this action proceeds concurrently with the IAB investigation, the parties will spend significant resources duplicating the efforts currently being undertaken by the IAB: retrieving police documents and speaking to witnesses. When this investigation is concluded, that information already will have been compiled and summarized, which should allow the parties to streamline paper and deposition discovery in this case. And because the contents of the ongoing investigation likely would be protected from disclosure by the law enforcement and/or deliberative process privileges, see Nat'l Council of La Raza v. Dep't of Justice, 411 F.3d 350, 356 (2d Cir. 2005), the parties will not be able to obtain otherwise discoverable information that is vital to the progress of this litigation. As a result, the parties potentially would have to reopen depositions should the IAB adduce information not uncovered by the parties in discovery, thereby increasing the cost of litigation.

Although a timeframe for completion is speculative, the assigned IAB investigator anticipates that the investigation will be finalized in approximately two-to-three months. Therefore, I respectfully request: (1) a stay of this litigation; (2) that the Court hold Defendant's time to respond to the complaint – currently May 1, 2012 – in abeyance until after the IAB investigation has concluded; and (3) an adjournment of the initial conference presently scheduled for May 3, 2012 at 10:30 a.m. until a date and time convenient for the Court after issue has been joined. Defendant suggests that this office provide the Court with a status report regarding the posture of the IAB investigation on or before July 13, 2012.

2

I thank the Court in advance for its time and consideration of these requests.

Respectfully submitted,

_____
Cecilia A. Silver
Assistant Corporation Counsel
Special Federal Litigation Division

cc: Gregory Antollino, Esq. (via email)
Email: gregory10010@verizon.net

*Attorney for Plaintiffs*

3



# GREGORY ANTOLLINO
## ATTORNEY AT LAW
GREG@ANTOLLINO.COM

18-20 WEST 21ST STREET, SUITE 802
NEW YORK, NEW YORK 10010

TEL. (212) 334-7397
FAX (212) 334-7399

April 11, 2012

Hon. Paul A. Engelmayer
United States District Judge
500 Pearl St.
New York, NY 10007-1312

RE: Heth and Jed Community Rockers, 12 cv 1080 (PAE)
Facsimile by permission 212-805-7992

Dear Judge Englemayer,

I write in response to the City's request for a stay pending resolution of an internal affairs investigation. I oppose the request but would consent to it if my clients can get a little *pendent lite* relief pending the stay. My clients are public performers who play for tips in subways and public venues. They are known as "buskers." As their complaint points out, busking is entirely legal in public and in the subways, so long as it conforms to time, place and manner regulations, specifically as outlined in Transit regulation 1050.6 (3)(4), which allows it so long as the music does not "exce[ed] 85 dBA on the A weighted scale measured at five feet from the source of the sound or 70 dBA measured at two feet from a station booth is excessive noise and is prohibited." It is allowed on the mezzanine, but not on the platform.

My clients and buskers in general have a history of being harassed by police officers; it so happens that my clients are lucky to have documented the harassment exceedingly well, with videotaped evidence and comments made by defendant Valdez on their Youtube page. However, Valdez is not the only officer who harasses my clients and, in fact, just last month, they were impeded by a group of officers from entering the subway to perform. See Declaration of Heth and Jed Weinstein, attached hereto. This lawsuit is not about money mostly; this lawsuit is more about a finding – or an agreement between the parties – that they will be entitled to perform under transit regulations without molestation or harassment by the police. Therefore, if the City desperately needs a stay, I see no reason why it would object – as my adversary has – to an interim order forbidding any police officer from obstructing, impeding or harassing my clients from exercising their First Amendment right to busk, so long as their actions complies with Transit regulation

1050.6 (3)(4).

Sincerely,

Gregory Antollino

Cc: Cecilia Silver by email

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------}(
HETH AND JED COMMUNITY ROCKERS,

Plaintiff,

DECLARATION

-against-

12 cv 1080 (PAE)

CITY OF NEW YORK, ET AL.

Defendants.
-----------------------------------------------------------}(

HETH AND JED WEINSTEIN, being duly sworn, do hereby state as follows:

If the Court is going to entertain giving the City three months to delay this case, we would like the Court's protection in the meantime. It is not only Officer Valdez who has harassed us, although he has been the worst transgressor; it is a common problem for other and other community musicians. For example, as recently as on or about March 6, 2012, as we tried to go into the Times Sqaure subway to perform, three police officers were blocking the pathway out of the downtown Times Square elevator. We were both hauling our equipment so we need that elevator. One of them tried to walk into us and cut us off and make it difficult for us to pass. One cop said "what the fuck dude?"

Then the 2 other cops started laughing and heckling making

1

comments like "yeah duuuuude" over and over etc. We kept walked away and didn't look back. As we continued to walk away we could hear them taunting us further but we kept walking. It was like being bullied on the playground except the bullies in this case have gun and the power to arrest. We could not perform and lost approximately $225 that day.

Dated: New York, New York
April 10, 2012

*[signature]*
HETH WEINSTEIN

*[signature]*
JED WEINSTEIN

2